# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ELIZABETH JORDAN FLICKINGER et al., | CIVIL ACTION NO. 3:10-CV-305 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| TOYS R US, INC. et al., | |
| Defendants. | |

## MEMORANDUM

The issue before the Court is whether it should grant the Defendants' Motion for Joinder of Third-Party Defendants. (Doc. 20.) For the reasons stated below, the Motion will be denied.

## BACKGROUND

This personal injury case was filed against Toys "R" Us, Inc. and related corporations (collectively, Toys "R" Us). One of the plaintiffs, Mary Elizabeth Jordan Flickinger, alleges she was severely injured at a Toys "R" Us retail store when a plastic bin from a bulk candy dispenser flew off, striking and injuring Ms. Flickinger. Ms. Flickinger brought a negligence claim, her spouse brought a loss of consortium claim, and her children brought negligent infliction of emotional distress claims against Toys "R" Us. Toys "R" Us has filed a Motion for leave to join Trade Fixtures, LLC; Trade Fixtures New Leaf Designs, LLC; Mars, Inc.; and M&M/Mars, Inc. as third-party defendants. (Doc. 20.)

According to Toys "R" Us, to the extent that it is found liable to the plaintiffs, the third-party defendants have a duty to indemnify it. Toys "R" Us alleges that, since the parties it

seeks to implead designed, manufactured, and installed the display that injured Mrs. Flickinger, those parties are the ones responsible for any possible damages awarded in the underlying suit. The proposed third-party complaint notes that "[i]n the event Plaintiffs are successful in proving their allegations . . . [the third-party defendants] are solely liable to Plaintiffs for the proven damages, jointly and severally liable for the proven damages, or liable over to the Toys "R" Us Defendants for contribution or indemnification . . . ." (Doc. No. 20-4 at 11, 14.)

The Plaintiffs oppose the Motion as prejudicial to them. The Motion has been briefed by both sides and is ripe for review.

## **DISCUSSION**

Defendants' Motion for Joinder will be denied.

Federal Rule of Civil Procedure 14(a) provides that a defendant may file a third-party action against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." A defendant may only use Rule 14 to implead a third-party defendant where the third-party defendant is, or may be, liable to the defendant derivatively or secondarily, and not to join a person who is or may be liable solely to the plaintiff. *FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994). A defendant may file a third-party action as of right within ten days after filing the original answer. Beyond that ten day time period, however, a defendant may only file a third-party action after obtaining leave of court. Fed. R. Civ. P. 14(a).

The decision of whether to allow a party to file a third-party complaint rests in the sound discretion of the court. *Bike v. Am. Motors Corp.*, 101 F.R.D. 77, 78 (E.D. Pa. 1984).

2

Rule 14(a) does not specify the factors a court should consider when deciding whether to allow a third-party complaint. Courts have identified a number of factors to be considered when determining whether to grant leave to implead a third-party defendant pursuant to Rule 14, including:

> (1) the timeliness of the motion; (2) whether the filing of the third-party complaint will introduce an unrelated controversy or will unduly complicate the case to the prejudice of the plaintiff; (3) whether the third-party complaint will avoid circuity of action and settle related matters in one lawsuit; and (4) whether the evidence, witnesses, and legal issues will be substantially the same in the defendant's third-party action and plaintiff's action.

*Scobie v. Waco Equip. Co.*, No. 03-1224, 2008 WL 1943551, at *1 (W.D.Pa. 2008).

First, Defendants' Motion is not timely. Although Defendants clearly knew, based on incident reports, from the very day of the accident, October 26, 2008, that the display was what allegedly injured the Plaintiff Mrs. Flickinger, they waited almost two years before attempting to bring the parties responsible for the display into the suit. Although Defendants claim that it wasn't until Plaintiff's deposition that they became aware of how the alleged accident occurred and that it involved the display, the Complaint is fairly specific on the incident and surely should have engendered further investigation.

Second, the filing of the third-party complaint will unduly complicate the case to the prejudice of the Plaintiffs. The underlying litigation is a negligence suit based on commercial premise liability. The Third-Party Complaint, however, introduces a number of other legal theories, including strict liability and product liability.

Third, while allowing the Defendants to implead the third-parties here would settle all matters in one lawsuit, such a procedure would delay the proceedings and the trial date, again to the prejudice of the Plaintiffs.

3

Fourth, since the proceedings are already well-along, and a number of depositions have already been taken, allowing Defendants to implead these third-parties would lead to duplicative discovery and duplicative depositions, again at the time and expense of the Plaintiffs.

## **CONCLUSION**

For the reasons stated above, Defendants' Motion for Joinder of Third-Party Defendants (Doc. 20) will be denied. An appropriate order follows.

| | |
|---|---|
| 10/29/10 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo<br>United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ELIZABETH JORDAN FLICKINGER et al., | NO. 3:10-CV-305 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| TOYS R US, INC. et al., | |
| Defendants. | |

## ORDER

**NOW**, this 29th day of October, 2010, **IT IS HEREBY ORDERED THAT** Defendants' Motion for Joinder of Third Party Defendants is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge