IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY ELIZABETH JORDAN
FLICKINGER et al.,

    Plaintiffs,

    v.

TOYS R US, INC. et al.,

    Defendants.

CIVIL ACTION NO. 3:10-CV-305

(JUDGE CAPUTO)

## MEMORANDUM

Before the Court are several motions and motions in limine brought by both sides in this suit. Oral argument was held on the motions on July 28, 2011. The Court will skip the underlying factual and procedural history and will move directly to discussing each motion in turn below. The majority of these motions have already been withdrawn.

## DISCUSSION

**I.    Flickinger's Motion to Preclude Toys R Us Employees from Testifying Live at Trial under Federal Rule of Evidence 611(a) (Doc. 192)**

This motion was withdrawn.

**II.    Toys R Us' Motion to Compel Dr. Malloy to Produce Mrs. Flickinger's Treatment Records (Doc. 195)**

This motion was withdrawn.

**III.    Toys R Us' Motion in Limine to Preclude Expert Report and Testimony of Dr. Kline (Doc. 208)**

This motion was withdrawn.

**IV.    Toys R Us' Motion in Limine to Preclude Expert Report and Testimony of Dr. Malloy (Docs. 210 and 244)**

Toys R Us moves to preclude Dr. Malloy's expert report and testimony because the

Flickingers have just recently disclosed him as an expert witness, several months after the close of discovery and in violation of the Federal Rules of Civil Procedure. Dr. Malloy's expert report will be precluded but he will permitted to testify as a treating physician.

Under Fed. R. Civ. P. 26(a)(3)(A)(I), a party must provide to the other parties the name and address of each witness they plan to call as part of their pretrial disclosures. This disclosure must be made at least thirty days before trial, unless the court specifies otherwise. Fed. R. Civ. P. 26(a)(3)(B). Additionally, a party must disclose the name, along with the report, of any expert they intend to call. Fed. R. Civ. P. 26(a)(2). Experts must be disclosed within the time the court orders or at least ninety-days before trial. Fed. R. Civ. P. 26(a)(2)(D).

To determine whether to exclude evidence as a sanction for failure to comply with a discovery order, the Court considers the following factors: (1) the prejudice or surprise of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case; (4) bad faith or willfulness in failing to comply with the district court's order. *Klatch-Maynard v. Sugarloaf Twp.*, No. 3:06-cv-0845, 2011 WL 2006424, *3 (M.D.Pa. May 23, 2011) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985)).

Here, the disclosure and expert report deadline was December 15, 2010. But the Flickingers did not disclose Dr. Malloy as a witness until June 29, 2011. There was a notation to Dr. Malloy in the Mackarey and Mackarey physical therapy records previously produced by the Flickingers, but his name did not appear in any of their three prior pretrial

disclosures. While Toys R Us claims that the Flickingers could not have forgotten about Mrs. Flickinger's previous treatment with Dr. Malloy and must have intentionally withheld this information, the Flickingers contend it was simply an oversight they have rectified.

Moving to the *Meyers* factors, the Court finds that Toys R Us would suffer prejudice if the Court allowed Dr. Malloy to testify as an expert. If these treatments were simply an oversight, as the Flickingers purport, then they missed the expert deadline, and Dr. Malloy cannot testify as an expert. Toys R Us should not have to scramble in the weeks before trial to deal with yet another expert opinion untimely submitted.

Therefore, while Dr. Malloy will be allowed to testify as a fact witness, he will not be able to testify as an expert or submit a report.

### V. Toys R Us' Motion in Limine to Preclude the Exhibits of Vocational Expert Patricia Chilleri, M.S. (Doc. 212)

This motion was withdrawn.

### VI. Toys R Us' Motions in Limine to Strike Report and Testimony of Private Investigator Thomas Robertson and for Sanctions (Doc. 214)

The motion in limine to strike Mr. Robertson's report and testimony was withdrawn. The remaining motion for sanctions is denied.

### VII. Toys R Us' Motion in Limine to Preclude Testimony of Gary Chambers (Doc. 216)

The motion was withdrawn.

### VIII. Toys R Us' Motion to Clarify the Court's May 31, 2011 Order Regarding Limits on the Flickingers' Biomechanical Experts' Testimony (Doc. 219)

Toys R Us seeks clarification of the Court's prior order regarding the expert testimony of Drs. Gushue, Calderon, and Cantor. The Court held that while these witnesses could not

3

testify to the amount of force Mrs. Flickinger's neck and head sustained in the accident or whether it could have caused her injuries, they could testify to the force's direction and nature. Both parties appear to have grasped this ruling, and the Court feels that further clarification is not necessary.

### IX.    Toys R Us' Motion to Clarify the Court's May 31, 2011 Order Regarding Dr. Lupinacci's Supplemental Report (Doc. 222)

The motion was withdrawn.

### X.    Toys R Us' Motion in Limine to Preclude the Flickingers' Experts from Testifying to Mrs. Flickinger's Credibility (Doc. 224)

The motion was withdrawn.

### XI.    Toys R Us' Motion in Limine to Preclude Supplemental Reports of Andrew Verzilli, Jonathan A. Cunitz, and William Lazor (Docs. 226 and 242)

Toys R Us moves to preclude Andrew Verzilli's and Jonathan A. Cunitz's supplemental reports as untimely and prejudicial. The Flickingers submitted these reports in late June, months after the expert discovery deadline and close to trial. The Flickingers claim that these supplemental reports merely bring the damages calculations into conformity with New York law, in accordance with the Court's May order.

The Court has already discussed the applicable disclosure rules and the tests for their violation above.

Addressing the four *Meyers* factors, the Court finds allowing these supplemental reports would prejudice Toys R Us. The previous reports do not contain loss of benefits or lifetime medical cost analyses, both of which are available under both New York and Pennsylvania law. There was therefore no reason the Flickingers needed to wait until the

choice-of-law ruling to submit these additional figures, and allowing them to do so right before trial would be unfair to Toys R Us.

### XII.    Flickingers' Motion for a Protective Order (Doc. 233)

The motion was withdrawn.

## CONCLUSION

For the reasons stated above, the motions have been granted in part and denied in part.  An appropriate order follows.


 8/2/11   /s/ A. Richard Caputo
Date   A. Richard Caputo
   United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY ELIZABETH JORDAN
FLICKINGER et al.,

    Plaintiffs,

    v.

TOYS R US, INC. et al.,

    Defendants.

NO. 3:10-CV-305

(JUDGE CAPUTO)

## ORDER

**NOW**, this __2nd__ day of August, 2011, **IT IS HEREBY ORDERED THAT** the parties' remaining motions and motions in limine are **GRANTED in part** and **DENIED in part** as follows:

(1) Toys R Us' Motions in Limine to Preclude Expert Report and Testimony of Dr. Malloy (Docs. 210 and 244) is **GRANTED in part and DENIED in part**. Dr. Malloy's report will be precluded and he will not be permitted to testify as an expert, but he will be allowed to testify as a fact witness.

(2) Toys R Us' Motion for Sanctions (Doc. 214) is **DENIED**.

(3) Toys R Us' Motion in Limine to Preclude Supplemental Reports of Andrew Verzilli, Jonathan A. Cunitz, and William Lazor (Docs. 226 and 242) is **GRANTED**.

(4) Toys R Us' Motion to Clarify (Doc. 219) is **DENIED**.

(5) The remaining motions (Docs. 192, 195, 208, 212, 216, 222, 224, and 233) have been voluntarily **WITHDRAWN**.

                                            /s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge